United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 19-20279-Scola |
| | ) |
| Julia Bello, Defendant | ) |

## Amended Order on Second Motion for Compassionate Release

The Defendant Julia Bello moved to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on June 12, 2020 and again on June 16, 2020. The Court previously denied Bello's motions in its Order dated June 30, 2020 (ECF No. 52). Since the Court issued its Order, Bello filed a reply in support of her motions (ECF No. 53). The Court issues this Amended Order to take into account her recently-filed reply. In her reply, Bello argues that the presentence investigation report supports her allegations regarding her medical conditions even if the Bureau of Prisons' medical records do not. She also argues that she correctly exhausted her administrative remedies. But even considering this additional information, the Court still concludes that she not entitled to release on the merits.

Therefore, the Court **denies** Bello's motions (**ECF No. 43, 46**). Bello also moved for expeditious review of her motion (**ECF No. 48**), and that motion is **denied** because it does not set forth the date by which an expedited ruling is needed as required by Local Rule 7.1(d). Nevertheless, the Court notes that it ruled on her motions three days after she moved for expeditious review.

Bello was convicted of conspiracy to commit healthcare fraud and sentenced to 24 months in prison. She surrendered on January 31, 2020 and has served 5 months in prison, or less than 25% of her sentence. Now she moves for her immediate release because she argues she is at an increased risk of severe illness due to her medical conditions and the coronavirus pandemic. The Court does not agree that her release is appropriate.

If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons" for her release, especially for inmates over the age of 65. Bello claims that she suffers from ulcerative colitis and hiatal hernia. (ECF No. 43 at 2.) However, the Bureau of Prison medical records do not support her claims. (ECF No. 50.) BOP records from February 5, 2020 reflect that she does not have a hernia. (*Id.* at 22.) Her "Health Problems List" contain only three eye

problems diagnosed by an optometrist, one "no diagnosis" from a psychologist, and psoriasis diagnosed by a nurse practitioner. (*Id.* at 56.) Moreover, ulcerative colitis and hiatal hernia are not explicitly listed by the Centers for Disease Control as one of the conditions that increase one's risk of developing a severe case of Covid-19.[1] Even if her conditions do place Bello at a higher risk of contracting a severe case of the coronavirus, Bello has not provided sufficient information regarding the severity of her medical conditions, nor has she supported her allegations with medical records. Her condition does not appear to be at an acute level that would warrant her release after completing less than 25% of her sentence. And, because she is only 44, her risk of developing a severe case is further diminished. *Cf. United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.) (granting compassionate release for the Defendant with end-stage renal failure, heart failure, diabetes, and a history of respiratory illnesses after he completed 60% of his sentence). Therefore, the Court declines to find that extraordinary and compelling reasons warrant her release.

Bello's claims regarding FCI Aliceville's response to the Covid-19 pandemic are misleading. Bello cites to *United States v. Beck* for the proposition that "Aliceville even by BOP standards has a reputation for poor healthcare." 425 F. Supp. 3d 573, 580 (M.D.N.C. 2019). The case is inapposite as it involves a prisoner who received "grossly inadequate" care for her breast cancer and does not involve the institution's response to the Covid-19 pandemic. *Id*. The order does not make any statements about the conditions or quality of medical treatment generally, and only stated that Aliceville's medical care was inadequate in that instance. *Id*. Indeed, it appears as though FCI Aliceville is taking reasonable precautions to prevent the spread of the disease (*see* ECF No. 47 at 7-8), and, despite the inherent risks that inmates face due to being housed in close quarters, FCI Aliceville appears to be safe at this time relative to other prisons.

Therefore, Bello's motions for release (**ECF Nos. 43, 46**) are **denied**.

---

[1] Center for Disease Control and Prevention, *Coronavirus Disease: People who are at higher risk for severe illness*, updated April 15, 2020 at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (people over the age of 65 and those with certain chronic conditions are at a high-risk of severe illness from COVID-19).

**Done and ordered** at Miami, Florida, on July 8, 2020.

_____
Robert N. Scola, Jr.
United States District Judge